FILED
United States Court of Appeals
Tenth Circuit

January 30, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LADONA A. POORE,

    Plaintiff - Appellant,

v.

STANLEY GLANZ, former sheriff of
Tulsa County, in his individual capacity;
MICHELLE ROBINETTE, in her official
capacity as Acting Sheriff,

    Defendants - Appellees.

No. 19-5040
(D.C. No. 4:11-CV-00797-JED-PJC)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Plaintiff Ladona Poore appeals from the order of the United States District Court

for the Northern District of Oklahoma capping her attorney-fee award under the Prison

Litigation Reform Act (PLRA). *See* 42 U.S.C. § 1997e(d). She brought a civil-rights

action under 42 U.S.C. § 1983 against Defendant Tulsa County Sheriff Stanley Glanz, in

his individual and official capacities, based on her sexual assaults by a detention officer

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

while incarcerated in the Tulsa county jail in 2010. The jury rendered a verdict in her favor and awarded $25,000 in compensatory damages. The district court denied Defendant's postverdict motion for judgment as a matter of law or a new trial, and this court affirmed. *See Poore v. Glanz*, 724 F. App'x 635, 638 (10th Cir. 2018).

As the prevailing party under 42 U.S.C. § 1988, Plaintiff moved for attorney fees of $659,159.56. Although she had not retained counsel until she was released from the incarceration giving rise to her complaint, she happened to be imprisoned on the day she filed. This triggered application of the PLRA fee cap, so the district court limited the attorney-fee award to 150% of the money judgment (with a portion of that award taken from the $25,000 money judgment). *See* 42 U.S.C. § 1997e(d); *Murphy v. Smith*, 138 S. Ct. 784, 790 (2018). On appeal Plaintiff does not dispute that she was incarcerated when she filed her complaint. She argues only that a higher fee award was warranted because (1) Defendant waived or forfeited application of the PLRA fee cap, and (2) the absurdity doctrine renders the PLRA inapplicable to her case. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Plaintiff argues that Defendant waived application of the PLRA fee cap by failing to assert it in responsive pleadings. But she admits that Defendant raised the PLRA attorney-fee issue in the pretrial order. Because the pretrial order controls the issues for trial, and the issue was clearly presented there, we must reject her argument that it was

not properly presented in district court.[1]  *See Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) ("[T]he inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim.").

Plaintiff also contends that application of the PLRA fee cap under these circumstances is absurd, and that this court should construe the fee-cap provision differently to avoid the purportedly absurd result.  But we have held that "there is nothing absurd about applying the [PLRA] restriction on attorney-fee awards to prisoner civil-rights claims arising before incarceration as well as to such claims arising during incarceration."  *Robbins v. Chronister*, 435 F.3d 1238, 1244 (10th Cir. 2006) (en banc). Plaintiff does not attempt to distinguish *Robbins*, and we conclude that it controls the outcome here.

We **AFFIRM** the district court's award of attorney fees.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[1]  Because the issue was set forth in the pretrial order, we need not address Plaintiff's arguments that the PLRA fee cap must be raised before verdict and is an affirmative defense.

3